RE: REDEVELOPMENT AREA BOARD OF TRUSTEES
ATTORNEY GENERAL HENRY HAS AUTHORIZED ME TO RESPOND TO YOUR REQUEST FOR ADVICE REGARDING WHETHER IT WOULD BE A PER SE CONFLICT OF INTEREST FOR A MEMBER OF A BOARD OF TRUSTEES GOVERNING A PUBLIC TRUST THAT OVERSEES A REDEVELOPMENT AREA, AS PERMITTED IN 11 O.S. 40-112 (1981), TO OWN PROPERTY IN THAT AREA, THROUGH THIS INFORMAL LETTER. IN CONFIRMATION OF MY PRIOR TELEPHONIC CONVERSATION WITH YOU ON THIS SUBJECT, THE MERE FACT THAT SUCH A BOARD MEMBER WOULD OWN PROPERTY TECHNICALLY WITHIN SUCH AN AREA IS NOT, PER SE, UNLAWFUL AS A PROHIBITED CONFLICT OF INTEREST.
HOWEVER, AS IS EXPLAINED IN GREATER DETAIL BELOW, I BELIEVE THAT SUCH A RELATIONSHIP WOULD ALMOST CERTAINLY RESULT IN A CONFLICT OF INTEREST IN VIRTUALLY EVERY SITUATION THAT I HAVE BEEN ABLE TO THINK OF. THE POINT.BEING THAT WHILE I AM NOT COMFORTABLE IN SAYING THAT IN NO INSTANCE WHATSOEVER COULD THERE BE A SITUATION WHERE NO CONFLICT WAS APPARENT, I DO NOT PERSONALLY FEEL THAT SUCH A SCENARIO IS LIKELY, AND I HAVE NOT BEEN ABLE TO COME UP WITH ANY SCENARIOS THAT WOULD NOT CONSTITUTE A CONFLICT OF INTEREST.
THE 1981 LEGISLATURE AUTHORIZED THE CREATION OF "CENTRAL BUSINESS DISTRICT REDEVELOPMENT AREAS" THROUGH THE ADOPTION OF THE CENTRAL BUSINESS DISTRICT REDEVELOPMENT ACT, CODIFIED AT 11 O.S. 40-101 THROUGH 11 O.S. 40-115 (1981), AS AMENDED. THE PURPOSE OF THE ACT IS STATED TO BE TO PROMOTE, STIMULATE AND DEVELOP THE GENERAL AND ECONOMIC WELFARE OF THIS STATE AND ITS COMMUNITIES AND TO ASSIST IN THE DEVELOPMENT AND REDEVELOPMENT OF CENTRAL BUSINESS DISTRICT AREAS OF CITIES. 11 O.S. 40-102 (1987). A CRUCIAL COMPONENT OF THE ACT IS ITS AUTHORIZATION TO MUNICIPALITIES TO ACQUIRE CERTAIN PROPERTY AND TO ISSUE SPECIAL OBLIGATION BONDS FOR THE FINANCING OF REDEVELOPMENT PLANS FOR THE FINANCING OF REDEVELOPMENT PROJECTS. 11 O.S. 40-102 (1987). HOWEVER, IN THIS REGARD, THE ATTORNEY GENERAL ADVISED, ON MARCH 16, 1987, THAT THE ISSUANCE OF SUCH SPECIAL OBLIGATION BONDS WOULD BE UNCONSTITUTIONAL. A.G. OPIN. NO. 87-013.
A LENGTHY RECITATION OF THE BASIC FORMAT OF THE ACT IS SET FORTH IN THE FIRST ELEVEN SECTIONS OF THE ACT. IN GENERAL, IT IS CONTEMPLATED THAT THE GOVERNING BODY OF THE CITY ADOPT A RESOLUTION DECLARING THAT REDEVELOPMENT OR DEVELOPMENT OF A CENTRAL BUSINESS AREA IS NEEDED TO PROMOTE THE GENERAL ECONOMIC WELFARE OF THE CITY. 11 O.S. 40-103(A).
ELABORATE PROVISIONS ARE SET FORTH CALLING FOR PUBLIC HEARINGS AND THE PREPARATION OF A DETAILED PLAN OF ACTION.
WHILE THE ACT GENERALLY CONTEMPLATES THAT THE GOVERNING BODY OF A MUNICIPALITY BE THE DRIVING FORCE BEHIND SUCH A PROGRAM, 11 O.S. 40-112 PROVIDES THAT AS AN ALTERNATE TO THE PROCEDURES OUTLINED IN THE ACT'S FIRST ELEVEN SECTIONS, A PUBLIC TRUST MAY BE ORGANIZED FOR THE PURPOSE OF REDEVELOPMENT OF BLIGHTED AREAS. IN SUCH INSTANCES, THE PUBLIC TRUST MUST SPECIFICALLY DESIGNATE IN ITS NAME THAT IT IS A REDEVELOPMENT TRUST. ID. PROJECTS CONSTRUCTED, OWNED OR OPERATED BY SUCH A REDEVELOPMENT TRUST MUST CONFORM TO THE DEVELOPMENT PLAN ADOPTED BY THE CITY IN WHICH THE REDEVELOPMENT AREA IS LOCATED. 11 O.S. 40-114 (1987).
YOUR QUESTION ASKS WHETHER, IN A SITUATION INVOLVING SUCH A REDEVELOPMENT TRUST, IT IS A PER SE CONFLICT OF INTEREST FOR A MEMBER OF THE TRUST'S GOVERNING BODY TO OWN PROPERTY WITHIN THE REDEVELOPMENT AREA. TITLE 60 O.S. 178.8 (1981), A SPECIAL STATUTE GOVERNING CONFLICT OF INTEREST SITUATIONS INVOLVING TRUSTEES OF PUBLIC TRUSTS, STATES:
 "A CONFLICT OF INTEREST SHALL BE DEEMED TO EXIST IN ANY CONTRACTUAL RELATIONSHIP IN WHICH A TRUSTEE OF A PUBLIC TRUST, OR ANY FOR-PROFIT FIRM OR CORPORATION IN WHICH SUCH TRUSTEE OR ANY MEMBER OF HIS OR HER IMMEDIATE FAMILY IS AN OFFICER, PARTNER, PRINCIPAL STOCKHOLDER, SHALL DIRECTLY OR INDIRECTLY BUY OR SELL GOODS OR SERVICES TO, OR OTHERWISE CONTRACT WITH SUCH TRUST. UPON A SHOWING THEREOF, SUCH TRUSTEE SHALL BE SUBJECT TO REMOVAL AND SUCH CONTRACT SHALL BE DEEMED UNENFORCEABLE AS AGAINST SUCH TRUST UNLESS THE RECORDS OF SUCH TRUST SHALL REFLECT THAT SUCH TRUSTEE FULLY AND PUBLICLY DISCLOSED ALL SUCH INTEREST OR INTERESTS, AND UNLESS SUCH CONTRACTUAL RELATIONSHIP SHALL HAVE BEEN SECURED BY COMPETITIVE BIDDING FOLLOWING A PUBLIC INVITATION TO BID."
THE FOLLOWING TYPES OF TRANSACTIONS ARE EXEMPT FROM THE AFOREMENTIONED PROVISIONS OF THIS SECTION:
 "1. THE MAKING OF ANY LOAN OR ADVANCE OF ANY FUNDS TO, OR THE PURCHASE OF ANY OBLIGATIONS ISSUED BY SUCH PUBLIC TRUST, IN CONNECTION WITH THE PERFORMANCE OF ANY OF ITS AUTHORIZED PURPOSES;
 2. ANY LEGAL ADVERTISING REQUIRED BY LAW OR INDENTURE OR DETERMINED NECESSARY BY THE TRUSTEES OF SUCH PUBLIC TRUST;
 3. THE PERFORMANCE BY ANY BANK, TRUST COMPANY OR SIMILAR ENTITY OR ANY SERVICES AS A DEPOSITORY, INDENTURE TRUSTEE, PAYING AGENT OR REGISTRAR OF OR FOR SUCH PUBLIC TRUST; OR
 4. THE SALE OF ANY PUBLIC UTILITY SERVICES TO SUCH PUBLIC TRUST, IN WHICH THE PRICE OF SAID SERVICES IS REGULATED BY LAW.
 IT SHALL BE THE DUTY OF EACH PUBLIC TRUST TO COMPILE A LIST OF ALL CONFLICT OF INTEREST FOR WHICH ITS TRUSTEES HAVE MADE DISCLOSURE. IT SHALL ALSO BE THE DUTY OF EACH TRUST TO COMPILE A LIST OF ALL DEALINGS BETWEEN ITS TRUSTEES AND THE TRUST WHICH INVOLVE THE EXEMPTED TRANSACTIONS LISTED ABOVE. SUCH LISTS SHALL BE COMPILED SEMIANNUALLY FOR PERIODS ENDING JUNE 30 AND DECEMBER 31 OF EACH YEAR. SUCH LISTS SHALL BE COMPILED ON FORMS PRESCRIBED BY THE OKLAHOMA TAX COMMISSION AND SHALL BE MATTERS OF PUBLIC RECORD. COPIES OF SUCH LISTS SHALL BE FILED WITH THE SECRETARY OF STATE BY SEPTEMBER 1 AND MARCH 1 OF EACH YEAR."
THIS STATUTE WAS ADOPTED INTO LAW IN 1977. SEE, OKLA. SESS. LAWS 1977, CH. 235, 2. HOWEVER, IN 1980, THE ATTORNEY GENERAL OPINED THAT ITS TERMS WERE UNCONSTITUTIONAL AS BEING VIOLATIVE OF ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION, BY PURPORTING TO MAKE LAWFUL CATEGORIES OF CONTRACTUAL RELATIONSHIPS BETWEEN PUBLIC TRUSTS AND THEIR TRUSTEES WHICH ARE FORBIDDEN BY THAT CONSTITUTIONAL PROVISION. A.G. OPIN. NO. 80-145. ARTICLE X, SECTION 11 STATES:
 "THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT OR COUNTY PURPOSES, SHALL BE DEEMED A FELONY. SAID OFFENSE SHALL BE PUNISHED AS MAY BE PRESCRIBED BY LAW, A PART OF WHICH PUNISHMENT SHALL BE DISQUALIFICATION TO HOLD OFFICE."
IT IS NOT NECESSARY, UNDER THIS CONSTITUTIONAL PROVISION, THAT THE OFFICER IN QUESTION ACTUALLY REALIZE AN ECONOMIC OR FINANCIAL PROFIT FROM THE USE OF SUCH FUNDS, SO LONG AS HE IS INTERESTED" IN THE USE THEREOF. IN A.G. OPIN. NO. 80-145, THE ATTORNEY GENERAL QUOTED FROM MILLER V. CITY OF MARTINEZ, 82 P.2D 519 (CAL. 1938), AS FOLLOWS, ON THIS POINT:
 "IF HIS (THE OFFICER'S) INTEREST IN THE CONTRACT IS SUCH AS WOULD TEND IN ANY DEGREE TO INFLUENCE HIM. IN MAKING THE CONTRACT, THEN THE INSTRUMENT IS VOID BECAUSE CONTRARY TO PUBIC POLICY, THE POLICY OF THE LAW BEING THAT A PUBLIC OFFICER IN THE DISCHARGE OF HIS DUTIES AS SUCH WOULD BE ABSOLUTELY FREE OF ANY INFLUENCE OTHER THAN THAT WHICH MAY DIRECTLY GROW OUT OF THE OBLIGATIONS THAT HE OWES THE PUBLIC AT LARGE."
THE ATTORNEY GENERAL WENT ON TO QUOTE FROM THE UNITED STATES SUPREME COURT, IN UNITED STATES V. MISSISSIPPI VALLEY GENERATING CO., 364 U.S. 520, 81 S.CT. 294, 5 L.ED. 2D 268 (1961):
 "THE MORAL PRINCIPLE UPON WHICH THE STATUTE IS BASED HAS ITS FOUNDATION IN THE BIBLICAL ADMONITION THAT NO MAN MAY SERVE TWO MASTERS, MATT. 6:24, A MAXIM WHICH IS ESPECIALLY PERTINENT IF ONE OF THE MASTERS HAPPENS TO BE ECONOMIC SELF INTEREST."
IN ATTORNEY GENERAL OPINION NO. 82-035, THE ATTORNEY GENERAL NOTED A GENERAL DISTINCTION TO BE DRAWN BETWEEN PERSONAL SELF INTERESTS AND INTERESTS THAT MIGHT BE IMPLICATED WHERE A PUBLIC OFFICER SERVES ON TWO DIFFERENT GOVERNING BODIES, ONE OF WHICH IMPACTS UPON THE OTHER, AND ADVISED THAT SUCH A SITUATION WOULD NOT, PER SE, CONSTITUTE A PROHIBITED CONFLICT OF INTEREST. HOWEVER, IT WAS CAREFULLY NOTED THAT EVEN IN SUCH A SITUATION, THE POSSIBILITY OF A CONFLICT OF INTEREST WAS NOT FORECLOSED. TRUSTEES ON THE GOVERNING BOARDS OF PUBLIC TRUSTS ARE, OF COURSE, PUBLIC OFFICERS BOUND BY THE TERMS OF ARTICLE X, SECTION 11. STATE. EX REL CARTWRIGHT V. OKLAHOMA INDUSTRIES AUTHORITV, 629 P.2D 1244 (OKLA. 1981).
THE SCENARIO THAT YOU PRESENT IS ONE REPLETE WITH THE DANGER OF A PROHIBITED CONFLICT OF INTEREST. I CANNOT SAY, IN THE ABSTRACT, THAT THE MERE FACT THAT A MEMBER OF A PUBLIC REDEVELOPMENT TRUST MAY ALSO OWN PROPERTY IN THE AREA SUBJECT TO REDEVELOPMENT UNDER THE ACT WOULD AUTOMATICALLY CONSTITUTE A PROHIBITED CONFLICT OF INTEREST. HOWEVER, I FEEL BOUND TO CAUTION YOU THAT SUCH A SITUATION IS ONE THAT WOULD MAKE IT VIRTUALLY IMPOSSIBLE FOR SUCH A TRUSTEE NOT TO HAVE A CONFLICT OF INTEREST. THAT THE OWNERSHIP INTERESTS OF THE TRUSTEE WOULD BE INDIRECTLY BENEFITTED BY THE ACTIONS OF THE TRUST WOULD SEEM TO BE VIRTUALLY AUTOMATIC, GIVEN THE PURPOSE OF THE ACT IN IMPROVING THE FINANCIAL CONDITION OF THE AREA, AND THE BREADTH OF THE TERMS OF ARTICLE X, SECTION 11.
(MICHAEL SCOTT FERN)